1    NICOLAS C. HEIDORN (#281937)
     3308 L Street,
2    Sacramento CA 95816
     Telephone:     (510) 798-3425
3    E-mail:     NCHeidorn@yahoo.com

4
     Plaintiff, appearing *pro se*
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12   NICOLAS C. HEIDORN,                    No.  C13-0229 (YGR)

13              Plaintiff,                  NOTICE OF MOTION; MOTION FOR DE
                                            NOVO DETERMINATION OF DISPOSITIVE
14        v.                                MATTER REFERRED TO MAGISTRATE
                                            JUDGE; AND MEMORANDUM OF POINTS
15   BDD MARKETING & MANAGEMENT             AND AUTHORITIES IN SUPPORT THEREOF
     COMPANY, LLC and DOES 1-100,
16                                          Judge: Hon. Yvonne Gonzales Rodgers
              Defendants.                   Date: Tuesday, October 15, 2013
17                                          Time: 2:00 p.m.
                                            Courtroom: Oakland Courtroom,
18                                               Courtroom 5, 2nd Floor,
                                                 1301 Clay Street,
19                                               Oakland, CA 94612

20

21

22

23

24

25

26

27

28
                                  0.

NOTICE OF MOTION, MOTION, & ARGUMENT

TO THE COURT, DEFENDANT, AND DEFEDANT'S ATTORNEYS: PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72-3, *pro se* Plaintiff Nicolas Heidorn (hereafter "me" or "I") respectfully objects to two elements of the Honorable Magistrate Judge Joseph C. Spero's Report and Recommendation RE Motion for Default Judgment ("Recommendation") (Docket ("Dkt.") No. 34), as described below. This present Motion shall be heard on Tuesday, October 15, 2013, at 2:00 p.m., or as soon thereafter as this motion may be heard, before the Honorable Judge Yvonne Gonzalez Rogers in the Oakland Courthouse, Courtroom 5, 2nd Floor, 1301 Clay Street, Oakland, CA 94612.

I respectfully request that the Court adopt Magistrate Judge Spero's Recommendation as to all findings of law and fact, save two:

(1) Magistrate Judge Spero recommends that this Court not exercise its discretion to treble the award of statutory damages under the Telephone Consumer Protection Act (TCPA), despite the Defendant's willful conduct. (*See* Recommendation at 27.) I instead urge the Court to treble the award from $500 per violation to $1,500. The Legislature expressly permitted an award of $1,500 for egregious telemarketing conduct: the Defendant's brazen and repeated conduct, its willful ignorance of numerous requests not to be contacted, and its long history of disregarding complaints about its corporate practices make such an award justified.

(2) Magistrate Judge Spero recommends that this Court interpret the TCPA's allowance of statutory damages for "each such violation" to be applied on a *per call* basis, as a few other courts have held, rather than a *per violation of the TCPA regulations* basis. (*See* Recommendation at 25.) I believe this is a matter of first impression in this Circuit. I respectfully submit that a *per violation* interpretation is more consonant with the text of the statute and traditional rules of statutory construction.

Should the Court adopt these changes, it should adjust the amount of statutory damages awarded under the TCPA from $11,000 (22 violations x $500) to $64,500 (43 violations x $1,500).

1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Background**

       This case concerns the aggressive telemarketing practices of Defendant BDD Marketing & Management, LLC, a Florida limited liability company.  (First Amended Complaint, Dkt. No. 17, at ¶7 (hereafter "Compl.").)  From January 2012 through April 2013 – *well over a year and even continuing after the filing of my Complaint* – I received near constant, harassing telemarketing calls from the Defendant, or in some cases a third party it shared my information with.  (*See id.* at ¶¶ 17, 18, 19, 20, 21, 22, 23, 26, 27, 28, 29, 30, 31, 32, 34, 35, 37, 38, 40, 41, 42, 44 (x5), 45, 46; Motion for Default Judgment, Heidorn Decl. at ¶ 9.)  This is despite the fact that I have been registered on the National Do-Not-Call list since 2009 (*id.* at ¶12), despite the fact that I never consented to Defendant's calls (*id.* at ¶14), despite my repeated entreaties to the Defendant to stop calling me (*id.* at ¶¶18, 19, 20, 21, 22, 23, 28, 31, 35, 38.), despite my filing a police report and an FTC report against the Defendant (*id.* at ¶¶25, 33), despite over 3,000 *other* people filing similar complaints with the FTC against the Defendant (*id.* at ¶36), despite my threatening to sue the Defendant (*id.* at ¶31), and even despite me *actually* suing the Defendant since the calls continued even after that (*id.* at ¶¶45-46).  Having exhausted all possible options, on January 17, 2013 I filed suit against the Defendant (Dkt. No. 1); on April 6 I filed my First Amended Complaint, alleging violations of the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227(c), and its implementing regulations, 47 C.F.R. §64.1200(c) & (d), along with four other state law claims.  (Dkt. No. 17.)

       When the Defendant defaulted on May 13, 2013, for failing to appear in this action (Dkt. No. 28.), I subsequently filed a Motion for Default Judgment. (Dkt. No. 29.)  On August 19, 2013, Magistrate Judge Spero issued his Recommendation (Dkt. No. 34), recommending that this Court grant my Motion for default judgment as to all claims, and awarding me $14,399.50 in statutory damages, actual damages, nominal damages, and costs, along with specified injunctive relief primarily requiring the Defendant to cease contacting me. (Recommendation at 30-31.)  I agree with Magistrate Judge Spero's recommended holding that the First Amended Complaint states valid claims as to all five of my claims; however, I respectfully object to two of Magistrate

2.

Judge Spero's recommendations concerning the TCPA.  First, I urge this Court to exercise its discretion to treble the statutory award under the TCPA from $500 per violation to $1,500. Second, I urge this Court to hold that, as a matter of law, TCPA statutory damages are awarded on a *per violation* basis, rather than a *per call* basis.

**Standard of Review**

This motion is filed pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72-3.  Per Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."

**Argument**

1.Enhanced Statutory Damages Should be Awarded

The TCPA provides for statutory damages of up to $500 per violation.  47 U.S.C. 227(c)(5)(B).  And, "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph," in other words up to $1,500.  *Id.* (c)(5).  Although Magistrate Judge Spero concluded that "Plaintiff's allegations are sufficient to establish that Defendant acted willfully," he declined to recommend trebling the statutory damages because "the $11,000.00 statutory damage award is sufficient to accomplish the purposes of the TCPA." (Recommendation at 27.)  Contrasting this action with *j2 Global Communications, Inc. v. Blue Jay Inc.*, 2009 WL 4572726 (N.D. Cal. Dec. 1, 2009), where treble damages were awarded, Magistrate Judge Spero concluded that enhanced damages were here unnecessary because "Plaintiff has not provided evidence to show that BDD has been sued before under the TCPA, or that the company is so large that an award of statutory damages in the amount of $11,000 would be deemed trivial."  *Id.*

Magistrate Judge Spero's Recommendation seems to recommend a *per se* rule that bars trebling in all but the small handful of cases where prior judgments exist against the particular defendant.  Such a rule is not to be found in the statute.  Indeed, other district courts routinely

3.

impose treble damages under the substantively identical Section 227(b)(3) of the TCPA[1] for (far less egregious) willful acts without any evidence of prior judgments against the defendant.  *See Harris v. World Financial Network Nat. Bank*, 867 F. Supp. 2d 888, 901 (E.D. Mich. 2012) (awarding treble damages from the point after "the date on which Plaintiff first notified Defendants that they had the wrong number"); *Smith v. SSS Secure Holdings, LLC*, No. 3:12-0057, 2013 U.S. Dist. LEXIS 49169, *1 (M.D. Tenn. Mar. 25, 2013) (awarding $1,500 per violation where plaintiff had asked defendant to cease calling) (adopting magistrate judge recommendation); *Tague v. Doctor's Assistance Corp.*, No. 07-4397, 2008 U.S. Dist. LEXIS 71901, 9-10, 2008 WL 4288061 (E.D. Pa. Sept. 17, 2008) (awarding $1,500 per violation where defendant's actions were "willful--right down to failing to defend").  Moreover, some courts have held that the trebling provision in Section 227(b)(3) of the TCPA is *not* strictly punitive in nature, but is also awarded to *incentivize* private lawsuits and to *compensate* plaintiffs for willful violations.  *See Alea London Ltd. v. American Home Services, Inc.*, 638 F. 3d 768, 778-79 (11th Cir. 2011).

Even if the enhancement were purely punitive or for deterrent purposes, however, there are other factors going to how deserving the defendant is of punishment or how resistant the defendant has been to deterrence that this Court should examine.  In particular, the repeated nature of Defendant's conduct, its willful ignorance of my numerous requests not to be contacted, and its long history of past complaints concerning its corporate practices suggest that the higher penalty is necessary to both punish and deter its wrongful conduct.  Indeed, it is difficult to imagine a fact pattern for a willful violation of the TCPA that is more egregious than the Defendant's conduct in this case.  *Compare j2 Global Communications,* 2009 WL 4572726; *Harris*, 867 F. Supp. 2d 888; *SSS Secure Holdings, LLC*, 2013 U.S. Dist. LEXIS 49169; *Tague,* 2008 U.S. Dist. LEXIS 71901. Unlike some or all of these cited cases, the Defendant continued to call despite the fact that:

- at all times I was registered on the National Do-Not-Call list (Compl. at ¶12);

---

[1] Section 227(b)(3) is the trebling provision for the junk fax provision of the TCPA and is nearly identically-worded as the trebling provision in Section 227(c)(5).

- I *never* consented to any of the Defendant's calls (*id.* at ¶14);

- I directly asked the Defendant to stop calling me on at least 10 occasions (*id.* at ¶¶18, 19, 20, 21, 22, 23, 28, 31, 35, 38.);

- I filed a police report and an FTC report against the Defendant to get it to stop calling me (*id.* at ¶¶25, 33);

- I threatened to sue the Defendant if it continued calling (*id.* at ¶31);

- I actually filed a lawsuit (*id.* at ¶¶45-46); and

- Over 3,000 *other* people had filed complaints against the Defendant similar to my own with the FTC (*id.* at ¶36).

This is not a situation where the Defendant violated the law through inadvertence; the Defendant had numerous opportunities to correct its ways, from my direct complaints to the thousands of other complaints to the FTC filed by other consumers, but it apparently could not be bothered to do so. Because of the particularly egregious nature of the Defendant's willful actions, I respectfully urge the Court to treble the award statutory damages to $1,500.

## 2. TCPA Statutory Damages Should be Awarded on a *Per Violation* Basis

The TCPA regulations prohibit two distinct types of conduct: (A) violations of the national Do-Not-Call Registry and (B) violations of seller-specific do-not-call requirements.  *See* 47 C.F.R. §64.1200(c) & (d).   Under type A, telemarketers are prohibited from contacting individuals whose phones are on the national Do-Not-Call registry.  *Id.* at (c)(2).  Not counting the five calls alleged on information and belief which Magistrate Judge Spero declined to credit (Recommendation at 24-25), the Complaint alleges 21 violations of this provision.  (Compl. at ¶¶17, 19, 20, 21, 22, 23, 26, 27, 28, 29, 30, 31, 32, 34, 35, 38, 40, 41, 42, 45, 46.)  Under type B, telemarketers are required to follow certain internal procedures to prevent telemarketing from occurring, such as maintaining a seller-specific do not call lists and having and making available a written policy of its do not call procedures. 47 C.F.R. §64.1200(d).  Not counting the five calls alleged on information and belief which Magistrate Judge Spero declined to credit

5.

1  (Recommendation at 24-25), the Complaint alleges 22 violations of this provision, one violation

2  per contact with the Defendant.  (Compl. at ¶¶62-64.)

3       Magistrate Judge Spero recommends that these 43 violations of the TCPA regulations be

4  counted on a per call basis, rather than a per violation of the regulations basis.  This reduced the

5  total number of violations to 22.  Quoting the statute, he notes:

6           "The plain language of the statute allows a an individual who has received 'one

7           telephone call within any 12-month period by or on behalf of the same entity in

8           violation of the *regulations* prescribed under this subsection' to bring 'an action to

9           recover for actual monetary loss from such a violation.' 47 U.S.C. § 227(c)

10          (emphasis added). This language indicates that a telephone call that violates more

11          than one provision of the regulations is considered to be a single violation rather

12          than multiple violations."

13  (Recommendation at 25, emphasis in original.)   Admittedly, courts in the Sixth Circuit have

14  reached the same conclusion with somewhat different reasoning.  *See, e.g., Charvat v. Echostar*

15  *Satellite, LLC,* 621 F. Supp. 2d 549, 556 (S.D. Ohio 2008).

16      I agree with Magistrate Judge Spero that the phrase "such a violation" refers to the phrase

17  "violation of the regulations."  This is compelled by use of the word "such" and the parallel

18  construction of subsections (c)(5)(A) ("violation of the regulations") and (c)(5)(B) ("each such

19  violation"), and the fact that the nearest antecedent to "such violation" is "violation of the

20  regulations." *See Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 832 (9th Cir. 1996)

21  ("the 'doctrine of last antecedent'… teaches that where one phrase of a statute modifies another,

22  the modifying phrase applies only to the phrase immediately preceding it").

23      However, Magistrate Judge Spero would hold that because the word "regulations" is

24  plural, multiple violations on one call should be lumped together as one violation.  I believe he

25  erred in this regard. "Regulations" is plural in the clause "[a] person who has received more than

26  one telephone … in violation of the *regulations* prescribed under this subsection may [bring an

27  action]" only because when Congress drafted the law it anticipated that and allowed the FCC to

28

6.

promulgate more than one regulatory provision, as it in fact did.  Had the plural "regulations" instead been the singular "regulation" – "[a] person who has received more than one telephone call … in violation of the *regulation* prescribed under this subsection may [bring an action]" – the only change would be to seemingly limit the number of regulations that can be promulgated to one. Moreover, the word-choice of *regulations* vs. *regulation* should not carry much weight since, under traditional rules of interpretation, they are interchangeable.  *See*  Antonin Scalia and Bryan A. Garner, Reading Law (2012), §14 ("In the absence of a contrary indication, … the singular includes the plural (and vice-versa)."). *See also* 1 U.S.C. §1 ("In determining the meaning of any Act of Congress, unless the context indicates otherwise— words importing the singular include and apply to several persons, parties, or things [and] words importing the plural include the singular.")

Instead, the focus of whether multiple violations per call are allowed should turn on the phrase "[may bring] an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for *each* such *violation*."  47 U.S.C. 227(c)(5)(B) (emphasis added).  The plain meaning of "each such violation" would be that each violation of the regulations supports an award of statutory damages.  This interpretation is reinforced by the fact that Congress could easily have awarded damages for "each such *telephone call*" instead (echoing its earlier requirement that liability is only triggered if more than one "telephone call" is placed) had it intended a per call basis.  *Cf. U.S. v. Lewis*, 67 F. 3d 225, 229 (9th Cir. 1995) ("statutes must be interpreted as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute ... superfluous") (citation omitted).

For the foregoing reasons, I believe the Court should find that the TCPA authorizes an award of statutory damages per violation of the TCPA regulations.

DATED: ____September 3, 2013_____      By:      _____s/ Nicolas Heidorn_____

Nicolas Heidorn, *pro se*

7.